IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS L. EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-210-SLR |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| | ) |
| Defendant. | ) |

### AMENDED MEMORANDUM ORDER*

At Wilmington this 16th day of July, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Curtis L. Evans, an inmate at the Delaware Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it

"lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3.  In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

4. **Discussion**. Plaintiff brings this suit alleging that, when he was placed in isolation, his lockbox, along with the rest of his personal property, was sent to the property room. Plaintiff was ultimately moved to a building where he was allowed to keep the lockbox, requested his lockbox from the property room, and was told there was no record of plaintiff owning a lockbox. He asks the court for money to purchase a new lockbox.

5. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. See Parratt v. Taylor, 451 U.S. 527, 542 (1981), overruled on other grounds by, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy for plaintiff, he cannot maintain a cause of action pursuant to § 1983. See Hudson, 468 U.S. at 535; Nicholson v. Carroll, 390 F.Supp. 2d 429, 435 (D. Del. 2005); Acierno v. Preit-Rubin, Inc., 199 F.R.D. 157 (D. Del. 2001) (other citations omitted). As currently presented, the complaint lacks an arguable basis in law or in fact and must, therefore, be denied as frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

6. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of

Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). Plaintiff is not required to pay any previously assessed fees or *the remaining balance of the* $350.00 filing fee. The clerk of the court is directed to send a copy of this order to the appropriate prison business office.

                                                                                             _____
                                                                                   UNITED STATES DISTRICT JUDGE